## HENRY M. SHEPHARD

*v.*

## JOSHUA RHODES *et al.*

60 301|
55a 123|
60 301|
168 497|
60 301|
88a 403|
60 301
89a ³382
60 301
191 ³294

1. LIMITATIONS. A claim against an estate not presented within two years of the grant of letters testamentary or of administration, is barred by the statute, except it may share in any estate discovered after the expiration of the two years.

2. WILL—*letters of administration—letters testamentary.* Where a person died in the State of Pennsylvania, leaving a will, and having property and creditors in this State, letters of administration were granted in this State without it being known that there was a will, but on its discovery it was probated and recorded, and the letters of administration were revoked, and letters with the will annexed were granted to another person : *Held,* that the grant of the first letters was not void, but voidable, and the acts performed by the first administrator are binding in a collateral proceeding.

3. ADMINISTRATION—*revocation.* Under our Statute of Wills, upon the revocation of letters of administration on the discovery and probate of a will, the various acts done and performed under the first grant of letters are binding until set aside in a direct proceeding. The court having jurisdiction of the person and the subject matter, its act is not void in granting letters, although it may have proceeded erroneously.

4. CLAIM AGAINST THE ESTATE—*when to be presented for allowance.* In such a case as this, claims, to share equally in the distribution of assets, should be presented for allowance within two years from the grant of the first letters of administration. The limitation of two years begins to run from that time, and it is error to allow a claim to be paid out of assets inventoried within two years from the first grant of letters. A claim exhibited after that time should, if established, be allowed and paid out of assets discovered after the expiration of two years from the grant of the first letters.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Charles W. Rickitson, a citizen of Pennsylvania, died in Pittsburgh, in that State, on the 27th day of September, 1866, leaving a will, which was probated in the proper court in that State on the 15th day of October, 1866. The executors named

in the will renounced, and letters of administration, with the will annexed, were granted to William Phillips. Deceased left assets in Cook county, in this State. On the 5th day of August, 1867, Benjamin F. Quimby, a creditor of Rickitson, residing in Cook county, applied to the probate court of that county and obtained letters of administration on the estate.

On the 6th day of May, 1868, Quimby, having learned that Rickitson died testate, filed his petition in the probate court, stating the fact, and asking that his letters be revoked, and letters with the will annexed be granted, which was done, and letters with the will annexed were issued to Henry M. Shephard. They bear date May 8th, 1868.

On the 20th of July, 1869, Quimby recovered a decree in the United States Circuit Court, in the Northern District of Illinois, against Shephard as administrator of the estate of Rickitson, for $30,048.81, which was subsequently allowed against the estate in the probate court of Cook county.

On the 14th day of December, 1869, Phillips, the Pennsylvania administrator, filed a claim for $39,580.38, as due to Rhodes & Rhodes & Co., and which Phillips had purchased in October, 1869, for $30,000, of the assignee in bankruptcy of that firm.

On the 2d day of February, 1870, this claim of Phillips was allowed by the probate court of Cook county, payable *pro rata* out of other estate of deceased than that inventoried within two years from the grant of letters to Quimby, as might be discovered subsequent to the expiration of the two years. From this order Phillips appealed to the Superior Court of Cook county, where the judgment of the probate court was reversed and the claim was allowed for $30,000, with interest, to be paid in due course of administration, and the judgment was so entered. From that judgment Shephard appeals to this court, and assigns errors.

Messrs. GOUDY & CHANDLER and Mr. MELVILLE W. FULLER, for the appellant.

Mr. J. V. LE MOYNE, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The deceased died testate, in Pennsylvania, where his will was proved and recorded. At the time of his death he had creditors, and owned real estate, in Illinois.

Without any knowledge of the existence of the will, letters of administration were granted to Quimby, in this State, and after the discovery of the will they were revoked, and letters with the will annexed were granted to appellant.

If the letters to Quimby were valid, then the claim of appellees is barred, having been presented after the lapse of two years from the grant of the letters, and it was error to allow it to be paid in the due course of administration.

The only question, therefore, presented by the record, is, were the first letters void, or only voidable?

It is laid down in Toller's Law of Executors, p. 119, that a grant of administration, before probate and refusal, shall be void if the will shall afterwards be proved, although it were suppressed or its existence were unknown. The author declares the administration a nullity in such case, because the interest of the executor is incapable of being divested. This is referred to and relied upon by counsel for appellees, to show the grant to Quimby void.

There is a difference in the facts between the case supposed and the one at bar. In this case the probate had been made, and the executors had refused to accept, before the appointment of Quimby. The grant of administration to him did not, therefore, divest the executors. They had voluntarily deprived themselves of all right and interest, and the reason assigned for the nullity of the administration did not exist.

Reference was also made to 1 Williams on Executors, 367, where it is said, "If administration be granted on the concealment of a will, and afterwards a will appear, inasmuch as the grant was void from the commencement, all acts performed by the administrator in that character shall be equally void."

The same author says, on page 370, that, whether the administration be void or voidable, a *bona fide* payment to the administrator of a debt due to the estate will be a legal discharge of the debtor. See, also, Toller, 129. It was also held, in *Allen* v. *Dundas*, 3 T. 125, that the payment of money to an executor who had obtained probate of a forged will, was a good discharge.

If all the mesne acts of an administrator, between the grant of letters and the revocation, are void, then there is a manifest inconsistency in the reasoning in the books to which reference has been made. From a careful reading of the text of Toller and Williams, both writers make a marked distinction between revocation on appeal and on citation. An appeal suspends the grant, and upon reversal it is as if it had never been ; and hence, upon appeal and reversal, the intermediate acts of the administrator are invalid. The object of the citation is different; it is to countermand or revoke the former letters.

In this case, the revocation partook somewhat of the character of a citation. The first administrator had been appointed for ten months, and upon discovery of the will presented his petition for letters with the will annexed. The court then revoked the administration and appointed appellant.

The principles of law adverted to, as laid down in the books, can not be strictly applicable to this case. The executors had renounced before the grant of administration, and the test that the grant must be in derogation of the right of an executor did not exist.

Even if it were the rule of the common law that letters of administration were void where a will was in existence, we do not think, in view of our statute, that the rule obtains in this State.

The chapter of the statute entitled "Wills," provides, in the condition of the bond required to be given by each administrator, that if a will should afterwards appear and be proved

in court, and letters testamentary be granted thereon, the administrator shall deliver up the letters of administration. It is enacted by section 71, as follows: "If, at any time after letters of administration have been granted, a will of the deceased shall be produced and probate thereof granted according to law, such letters of administration shall be revoked and repealed, and letters testamentary, or of administration, with the will annexed, shall be granted in the same manner as if the former letters had not been obtained." Section 72 provides for the repeal and revocation of letters granted upon a will, where the latter has been annulled by due course of law. Subsequent sections confer the power to revoke and repeal letters for numerous causes.

It would, therefore, seem that the legislature had provided for the case at bar. The power to repeal, implies the power to make, a law. The revocation of an order or decree must be the act of an authority which has the power to publish it. The power to revoke and repeal letters of administration upon the production and probate of the will, necessarily presupposes the power to grant the administration.

Chancellor KENT, (2 Vol. Com. 413), says: "It is the received doctrine, that all sales made in good faith, and all lawful acts done, either by administrators before notice of a will, or by executors or administrators who may be removed or superseded, or become incapable, shall remain valid, and not be impeached on any will appearing, or by any subsequent revocation."

In *Wight* v. *Wallbaum*, 39 Ill. 554, this court held, that any mistake in the grant of letters of administration did not make them void ; that, whether a will was properly proved or not, could not affect the validity of the letters or a sale of property made by the administrator ; and that, where jurisdiction existed of the subject matter and of the parties, the judgment must be conclusive, except in a direct proceeding for its reversal.

This is not a direct proceeding for the reversal of the grant. The question as to the validity of the first letters arises collaterally. In this case, it is as necessary to hold the grant voidable only, for the protection of creditors, and to make the bar of the statute effectual, as if third parties had acquired rights from a sale of property, or other acts of the administrator. If the first grant was void, the creditor who presented his claim within two years will receive no reward for his vigilance, for the assets must be shared with creditors who have been less diligent.

The county court had cognizance of the subject matter; the proper application was made, and the judgment of the court was properly exercised. The grant of administration was, then, made by a court of competent jurisdiction.

The judgment was for a legal purpose, to reach the property of the deceased for the satisfaction of his debts, and, under the facts, was not in derogation of the rights of the executors.

The claim of appellees should have been allowed to be paid out of any estate to be discovered subsequent to the bar of the statute, which commenced to run from the date of the first grant of letters.

The judgment is reversed and the cause remanded.

*Judgment reversed.*