# BAZIL MEEK, Administrator, etc.

*v.*

# NANCY A. ALLISON *et al.* Administrators, etc.

1. ADMINISTRATION—*letters of, not rendered void by the subsequent probate of a will.*   Where the will of a deceased person, when offered for probate, was rejected, and no appeal being taken, the county court, upon a proper application, granted letters of administration upon the estate, under which the administrator paid off claims and made a partial distribution of the estate to the heirs, after which the will was again presented, and after protracted litigation, was probated: *Held,* that the letters of administration were not void, but only voidable, and not being void, they were a protection to the administrator for all lawful acts done by him under them before their revocation.

2. SAME—*effect of probate as between legatees and distributees.* Where the will of a deceased party is admitted to probate, after a partial settlement of the estate by the administrator, and payment of distributive shares to the heirs at law, in a contest between the distributees and legatees, the right of the latter, as conferred by the will, would probably prevail. But, as between the executor of the will and the administrator, the latter will be protected in the payments made by him to the distributees while his letters were unrevoked.

3. SAME—*whether administrator is chargeable with interest on moneys in his hands.* Where, after the grant of administration upon the estate of a deceased person, the will of the deceased was offered for probate and allowed, after several years' litigation, and letters testamentary issued to the executor, and it appeared that the money of the estate, in the hands of the administrator, was always ready to be paid whenever a proper person was appointed to receive it: *Held,* that the executor was not entitled to interest on the sum due him from the administrator.

4. SAME—*cost of contesting will not a charge against the estate.* An administrator of an estate, being under no legal obligation, as such, to contest the validity of a will of the decedent, will not be entitled to deduct, from funds in his hands, moneys paid by him to attorneys for such purpose. The legatees, under the will, can not be compelled to pay any part of fees for litigation in opposition to their interests.

5. STATUTE CONSTRUED—*section 71, statute of wills.* The object of the last clause of section 71 of the Statute of Wills, in providing that there shall not be an administration *de bonis non* upon the revocation of letters of administration, where a will is subsequently probated, was, to maintain and carry out the intention of the testator so far as it could be done, and thus secure the rights of the legatees.

APPEAL from the Circuit Court of La Salle county; the Hon. E. S. LELAND, Judge, presiding.

This was a claim originally filed in the county court of Peoria county, by the appellant, administrator, with the will annexed, of Daniel Allison, deceased, against the estate of Isaac M. Allison, deceased, and taken by appeal to the circuit court of Peoria county, and from that court, by change of venue, to La Salle county.

The cause was tried upon an agreed state of facts, by the court, without a jury. The court below rendered judgment in favor of the plaintiff for $1,089.52, the amount admitted to have been in the hands of Isaac M. Allison at the time of

his death, and rejected the balance of the claim. The appellees filed cross-errors in this court, among which it was assigned for error that the court below erred in not deducting from the sum in the hands of Isaac M. Allison, as administrator of the estate of said Daniel Allison, deceased, the amount of attorneys' fees paid by him in resisting the probate of the will.

Mr. D. McCulloch, for the appellant.

Messrs. Johnson & Hopkins, for the appellees.

Mr. Justice Thornton delivered the opinion of the Court:

In April, 1864, Daniel Allison died, having left a last will and testament. In May following the will was presented for probate and rejected, and no appeal having been taken from the judgment of the court rejecting the will, Isaac M. Allison was, in July, duly appointed administrator, and letters were issued to him.

A day for the presentation of claims was fixed upon; debts were allowed and paid; a partial distribution was made to the heirs, and a report submitted to the court and approved.

After these acts the executor named in the will presented it for probate, and, after protracted litigation, it was admitted to probate in 1868.

Isaac M. Allison contested the probate of the will, and paid $511 as fees to attorneys. He was interested in opposing the will because he was greatly benefited by its rejection.

He having died, his estate is charged with the amount paid to the heirs of the testator; and it is contended that there was a misapplication of the funds, as his letters were void *ab initio.*

It is agreed that there is an amount in the hands of appellees, as administrators of Isaac Allison, even if there was no misapplication of the moneys, and interest is claimed upon this amount.

On the part of appellees it is insisted that the amount paid for attorneys' fees in contesting the will should be deducted from the undistributed amount.

The letters issued to Isaac M. Allison were not void—only voidable. This is not a direct proceeding to test the validity of the letters; but the acts of the administrator are collaterally questioned. The probate court had jurisdiction of the subject matter, and, upon proper representations having been made, full authority to issue the letters. They must, under such circumstances, be regarded as a protection to the administrator.

We shall not follow the line of argument on the part of counsel, and inquire as to the rule of the common law in such a case. We are of opinion that the question presented is settled by the provisions of our statute and the decisions of this court.

When a petition was presented and all the facts required by the statute recited therein, the court obtained jurisdiction to issue letters. The administrator was, then, at least an officer de facto, and appointed to perform certain specified duties. It was his duty to administer the estate according to law; to pay debts and to make distribution of the remainder of the assets in his hands to the heirs. He was liable upon his bond for the non-performance of the duties imposed upon him. It is alike unreasonable and in violation of every principle of right and justice to hold him liable for acts which were in compliance with the law.

No bad faith is imputed to the administrator in making distribution. On the contrary, the will had been presented and its probate refused. No appeal was taken from the refusal, and then the letters were granted. The executor and parties interested in proving the will remained quiescent for fifteen months, and then the will was again offered for probate. The statute certainly never intended that creditors and distributees should be compelled to wait an indefinite time

4—67TH ILL.

for the executor or legatees to prove the will. Such a construction of the statute would postpone for twenty years any administration upon an estate, if a will existed, under the severe penalty resulting from a misapplication of the assets and a mal-administration.

The statute clearly indicates that letters of administration issued under such circumstances are only voidable.

Section 71, (R. S. 1845, p. 551,) provides as follows: "If, at any time after letters of administration have been granted, a will of the deceased shall be produced and probate thereof granted according to law, such letters of administration shall be revoked and repealed, and letters testamentary, or of administration, with the will annexed, shall be granted in the same manner as if the former letters had not been obtained."

According to the last clause of the section there shall not be an administration *de bonis non* upon the revocation of the first letters, but the person named as executor shall be appointed as such; or, in case of his death or refusal or incompetency, letters, with the will annexed, shall be granted. The object was to maintain and carry out the intention of the testator, so far as it could be done, and thus to secure the rights of the legatees. In a contest between the distributees and the legatees, the rights of the latter, as conferred by the will, would probably prevail. But in a contest between the executor and the administrator as to the *bona fide* acts of the latter in the discharge of his duties under and by virtue of the letters issued to him, the section, when considered as a whole, must be regarded as protective of the administrator. His letters shall be revoked and repealed. They are not declared void. Their revocation and repeal necessarily imply a previous existence, and a valid existence, for the purposes of a due administration of the estate.

In *Wight* v. *Wallbaum*, 39 Ill. 554, a similar view was taken of the statute of wills. It was held that whether the grant of letters was a judicial or ministerial act, no mistake as to

their character should render them void, and that acts performed under them are valid until they should be revoked; and that the contrary construction would be attended with inconvenience, injury and loss to estates; would deter purchasers at sales of administrators, and hinder and prevent the adjustment of estates.

Almost the precise question involved was settled in the case of *Shepard* v. *Rhodes*, 60 Ill. 301.

We do not think that any interest should be computed upon the amount which, it is agreed, is due to the executor. The validity of the will was in litigation for a number of years, and, so far as appears, the money was always ready to be paid whenever a proper person was appointed to receive it. There was no unreasonable delay of payment, or withholding of the money.

The administrator was under no legal obligation to contest the validity of the will. He was not bound to do so by virtue of his office. Hence, the payment of fees to attorneys for such purpose forms no proper deduction from the funds in his hands. He, and those personally interested with him in opposing the probate of the will, so far as any contract was made, must bear the burden of such payment. The legatees can not be compelled to pay any portion of fees for litigation in opposition to their interests.

The judgment is affirmed.

*Judgment affirmed.*