## Ezra Walker v. Leonidas B. Welker, Administrator de bonis non, with the Will Annexed of the Estate of Mary J. Fox, Deceased.

1. ADMINISTRATORS—*Powers at Common Law.*—At common law, a grant of administration does not confer upon the administrator title to property of the deceased beyond the country in which administration is granted. If he wishes to reach property or collect debts of the estate in a foreign country, he must there obtain letters of administration.

2. SAME—*Creditors in Foreign Jurisdiction—Practice.*—If a creditor of a deceased person wishes to bring suit in order to satisfy his debt out of property in another jurisdiction, he must first obtain administration within that jurisdiction.

3. SAME—*Assets for the Purpose of Administration.*—A simple contract debt constitutes assets for the purpose of administration where the debtor resides.

4. SAME—*Foreign Administration in This State.*—Under Sec. 42, Chap. 3, R. S. (Hurd's Statutes, 1893, 115), a foreign administrator may sue in this State upon filing an authenticated copy of his letters and giving bond for costs as in case of other non-residents.

5. Same—*Resident Creditors of Non-resident Decedents.*—A resident creditor of a deceased non-resident debtor may reach the property of such debtor, situate in this State, by means of administration here. He is not compelled to go to the State where his debtor died in order to realize upon his claim.

6. Same—*Upon the Estate of Non-residents—Residuum.*—Administration by a resident upon the estate, situate in this State, of a non-resident decedent. is ancillary, and the residue, after the payment of the debts here, must be transmitted to the foreign jurisdiction to be distributed there according to the law of the domicile of the deceased.

7. Same—*Non-resident Testate Decedents.*—Where a person dies testate in another State, it is, in a proper case, competent to appoint an administrator here with the will annexed for the purpose of local administration.

8. Same—*Purposes of Local Administration.*—Under Sections 42 and 43 of Chapter 3, R. S. (Hurd's Statutes, 1893, 115, 116), it is competent to appoint an administrator, as well for the collection of debts, as for the sale of land.

9. Same—*Where the Appointment of an Administrator can not be Questioned Collaterally.*—Where the facts stated in the petition for the appointment of an administrator are sufficiently certain to give the court jurisdiction of the subject-matter, its action can not be questioned in a collateral proceeding.

10. Same—*Where his Acts can not be Attacked Collaterally.*—Where the petition for the appointment of an administrator is sufficient to give the court jurisdiction of the subject-matter, the acts of an administrator appointed by it and under the authority of such appointment can not be attacked collaterally.

**Memorandum.**—In chancery. Bill to foreclose a mortgage. Filed April 13, 1892. In the Circuit Court of Schuyler County; the Hon. Charles J. Scofield, Judge, presiding. Decree for complainants; appeal by defendants. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

Appellant's Brief, Winter & Winter, Attorneys.

When administration is granted in the State of the decedent's domicile at the time of his death, that is the principal administration, and that granted in another State is only ancillary. Young et al. v. Wittenmyer, .123 Ill. 303.

The domestic administrator or executor, primarily, has a vested right in all the personal assets of the decedent, to collect and distribute the same, and the administrator in a foreign State is only auxiliary. The distribution should

be made under the authority of the court within whose jurisdiction the deceased held his domicile. Young v. Wittenmyer, *supra*.

APPELLEE'S BRIEF, E. J. PEMBERTON AND L. A. JARMAN, ATTORNEYS.

Leonidas B. Welker, the appellee, is a creditor of the deceased residing in the State of Illinois, and as such is entitled to ancillary administration in Schuyler county, Illinois, for the purpose of collecting his debt here. Kent's Com., Vol. 2, p. 433 to 435; Young et al. v. Wittenmyer, Adm., 89 Ill. 75; Revised Stat., Chapter 3, Sections 18 and 43; Story on Conflict of Laws, 8th Ed., p. 713.

A promissory note owing by a person resident in Illinois to one dying domiciled abroad, is a simple contract indebtedness, and constitutes assets or estate of the deceased in the county where the maker or debtor thereof resides. Williams on Ex'rs, Vol. 1, p. 192–3; Selwyn's Nisi Prius, Vol. 1, p. 321; same, Vol. 2, p. 379 to 381; Chitty on Bills, p. 2; Mackey v. St. Mary's Church, 15 R. I. 121; Solinskey v. 4th National Bank, 82 Tex. 244; Becraft v. Lewis, 41 Mo. App. 541; Judy et al., Adm'rs, v. Kelley, 11 Ill. 211.

The foreign letters testamentary upon the will of the deceased, granted to Robert Fox, gave him no authority whatever to represent the deceased in any manner or place, except in the State of the deceased's domicile, the State of New York. Story's Conflict of Laws, p. 713, 723–4–5, p. 728–9 and note 2; Goodwin v. Jones, 3 Mass. 514; 3 Am. Dec. 173; Burbank v. Payne et al., 17 La. 15; 87 Am. Dec. 513; Judy et al., Adm'rs, v. Kelley, 11 Ill. 211.

The note in question was, and is, owing alone to the ancillary administrator in Illinois, and the maker, Ezra Walker, could not in any way discharge himself by payment to the foreign executor, after ancillary administration raised here in Illinois. Cutter v. Davenport, 1 Pick. 81; 11 Am. Dec. 149; Stearns v. Burnham, 5 Greenleaf, 261; 17 Am. Dec. 228; Vaughn v. Barrett, 5 Vt. 333; 26 Am. Dec. 306; Abbott v. Coburn, 28 Vt. 663; 67 Am. Dec. 735; Stone v. Scripture,

4 Lans. 186; Story on Conflict of Laws, 8th Ed., 724 and note 1; Judy et al., Adm'rs, v. Kelley, 11 Ill. 211.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill to foreclose a mortgage filed originally by Geo. W. Lawler, as administrator of Mary J. Fox, deceased, against the appellant and others.

Subsequent to the filing of the bill the letters of administration which were granted to Lawler by the County Court of Schuyler County were revoked and Welker, the appellee, was by that court appointed administrator *de bonis non* with the will annexed, and was substituted as complainant in the bill.

A decree was rendered according to the prayer of the bill in the usual form, from which the mortgagor, Walker, has prosecuted the present appeal.

Mary J. Fox, the mortgagee, died testate, in the State of New York, and letters testamentary were duly issued by the Surrogate Court of the proper county on the 4th day of November, 1891. On the 24th of February, 1892, the letters of administration to Lawler were issued upon the petition of said Welker, who represented that said Mary J. Fox died in the State of New York, testate, on or about August 9, 1891, and that her will had been probated there and pro ceedings had thereon, etc., etc., that she died possessed of notable goods in said Schuyler county, to wit, a promissory note made by said Ezra Walker, of said county, secured by a mortgage on land in said county (being the same note and mortgage set out in the bill) and that said Welker, who was a citizen of the State of Illinois, was a *bona fide* creditor of the said Mary J. Fox. The summons in the present case was served on the appellant April 14, 1892.

In October following he paid the note to the attorneys of the New York executor, and then filed his answer alleging such payment and denying the right of the Illinois administrator to maintain said proceedings to foreclose. Afterward the appellant moved to dismiss this suit because the letters to Lawler had been revoked, and because, as alleged,

the same were void *ab initio,* whereupon the present appellee filed his cross-motion to be substituted as complainant, which cross-motion was allowed and the motion to dismiss was denied.

At the common law a grant of administration in one country does not confer on the administrator any title to the property of the deceased in another country. He has no authority over nor is he responsible for any of the effects of the estate that may be beyond his jurisdiction. In administering the estate he acts only in reference to the effects within his jurisdiction and the debts that may there be presented against the estate. In his official capacity he can neither sue nor be sued out of the country from which he derives his authority and to which alone he is amenable. If he wishes to reach property or to collect debts of the estate in a foreign country, he must there obtain letters of administration and give such security and be subject to such regulations as its laws may prescribe. So if a creditor wishes to bring suit in order to satisfy his debt out of property in another jurisdiction, administration must be first obtained there. Judy v. Kelley, 11 Ill. 211.

A simple contract debt constitutes assets for the purpose of administration where the debtor resides. Cooper v. Beers, 143 Ill. 25; 2 Kent Com. 431–5; 2 Wheaton's Selwyn, 3.

Our statute provides, Sec. 42, Ch. 3, that a foreign executor or administrator may sue in this State provided he shall file an authenticated copy of his letters and shall give a bond for costs as in case of other non-residents. By the next section it is declared that this authority shall not be construed as applying to cases where letters testamentary or of administration are granted in this State, and if suit is commenced by a foreign executor or administrator and before final judgment therein, administration is had or execution undertaken within this State under the laws of the same upon suggestion of such fact, the resident administrator or executor shall be substituted as a party and the proceeds of the judgment shall be assets in his hand.

A creditor, resident here, of a debtor, dying in another

Walker v. Welker.

State, may reach the property of his debtor situated here, including simple contract debts due him, by means of administration here, and is not compelled to go to the State where his debtor died in order to realize his claim.   In such case the administration here is ancillary, and the distribution after payment of debts must be according to the law of the domicile of the deceased.

Perhaps if there were legatees and distributees also resident here, their rights would be protected—but in any event only the residuum remaining after the payment of debts would be transmissible to the foreign jurisdiction. Bonnell v. Holt, 89 Ill. 71; Cooper v. Beers, *supra.*

Counsel for appellant urge that the appointment of Lawler was void, because, as he assumes, the only authority for it was in Section 18 of the Administration Act, and because under said section there can be no appointment of an administrator unless it appears that the deceased was intestate.

The case of a testate estate is not affected by said section. Where, as in this case, one dies testate in another State, it is competent to appoint an administrator here with the will annexed, for the purpose of local administration.   Branch v. Rankin, 108 Ill. 444.

But counsel assume that in such case the local administrator can be appointed only for the purpose of subjecting the real estate of the deceased to the payment of debts.   This view is unsound, since sections 42 and 43 clearly refer to and contemplate the collection of debts, as well as the sale of land.

In this instance the facts were stated in the petition for the appointment of an administrator with sufficient certainty to give the County Court jurisdiction of the subject-matter, and its action thereon can not be questioned collaterally, for the order would not be void, whether it appointed the wrong person, or whether it gave him a wrong designation; nor can his acts under the authority thereby conferred be collaterally attacked.   Wight v. Wallbaum, 39 Ill. 554; Shepard v. Rhodes, 60 Ill. 307; Meek v. Allison, 67 Ill. 46.

Assuming that the payment of the note could have been legally made to the executor appointed in New York, before administration was commenced here, as to which we need express no opinion, yet it was no defense to do so in this case, after service of summons on the bill filed by the local administrator, nor would the subsequent revocation of the letters to Lawler and the appointment of the appellee, change the situation in this respect. No other questions are presented, and no error appearing herein, the decree will be affirmed.