| 88 | 459 |
| f89 | 382 |
| 88 | 459 |
| s95 | 411 |
| s95 | 412 |

## Brink's Express Co. v. Patrick H. O'Donnell, Adm.

1. LIMITATIONS—*To Causes of Action  Set Up by New Counts.*—The appropriate manner for the defendant to present the bar of the statute to causes of action set up by new counts where such causes of action are different from that set up by the original declaration is to plead it.

2. PRACTICE—*Where New Counts Present a Restatement of the Cause of Action.*—Where a party desires to raise question as to the new counts presenting, by way of restatement only, the same causes of action which are set by the original declaration, he should do so by a demurrer to the plea of the statute, and the court, by mere inspection of the record and comparison of the several counts, will determine the question as a matter of law.

3. ADMINISTRATORS OF ESTATES—*Power to Effect a Settlement for Personal Injuries to Intestate.*—The administrator of an estate has power to dispose of the claim against a party for wrongfully causing the death of his intestate by effecting a settlement, and this without an order of the court of probate directing him or authorizing him to do so.

4. SAME—*Appointment Can Not be Investigated Collaterally.*—The correctness of the procedure of the Probate Court in appointing an administrator can not be investigated collaterally.

**Action in Case,** for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding.   Heard in this court at the October term, 1899.   Reversed and remanded. Opinion filed April 16, 1900.

**Statement.**—This action was originally brought by Henry A. Foster, as administrator of the estate of Bridget

Brennan, deceased, to recover damages for the causing of the death of the intestate through negligence of appellant. Foster was a public administrator, and when appointed by the Probate Court of Cook County to be administrator of the estate of Bridget Brennan, the order of that court provided that his appointment be "upon his official bond as public administrator."

Foster, as administrator, effected a settlement with the appellant after this suit was commenced, and in the carrying out of the settlement a finding was made and a judgment entered by the court below for the amount of $600 against appellant and in favor of the administrator.

Afterward Frank T. Kinnare was substituted as administrator in lieu of Foster, and later still Patrick H. O'Donnell was substituted for Kinnare. Kinnare was public administrator for Cook county, succeeding Foster, and O'Donnell succeeded Kinnare to the same office. Kinnare furnished no special bond as administrator of this intestate, nor did O'Donnell until some time after his appointment had been made, when he filed the ordinary administrator's bond.

The proceeding in the court below by which the $600 judgment had been entered was afterward set aside and that judgment was vacated. The appellee filed an amended declaration on June 22, 1897, and a new additional count on December 1, 1898. The pleadings in the case on the part of appellant consisted of the general issue and six special pleas. The fourth plea presented in effect that the causes of action set up by the amended *narr.* of June 22, 1897, and the new count of December 1, 1898, did not accrue to the plaintiff within two years prior to the finding thereof. To this appellee replied that each of said causes of action did accrue to the plaintiff within two years prior to the filing of the specified counts, and the issue thus tendered was joined by similiter.

The fifth, sixth and seventh pleas set up the settlement by Henry A. Foster, administrator, as a bar to this suit. To these pleas plaintiff replied in effect that one of the

next of kin of the intestate, viz., Margaret Conley, was of unsound mind, that at the time of the supposed settlement by Foster as administrator, there had been a conservator appointed for said Margaret Conley, and that such conservator had protested against and never consented to the supposed settlement.    Demurrers to these replications were interposed and overruled.

Upon this state of the pleadings the cause came to trial, and the trial resulted in a verdict and judgment for $2,150 against appellant.

Lee & Hay, attorneys for appellant; John A. Post and Grant Newell, of counsel.

Rogers & Mahoney and Frederick A. Willoughby, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

But two questions are presented which are of controlling importance upon this appeal.    The first is as to the evidence supporting the plea of the statute of limitations. The second is as to the effect of the settlement with appellant made by Mr. Foster, as administrator of the intestate.

The plea of the statute of limitations, upon replication to which issue was joined, presented a complete bar to the action, so far as it was set up by the amended *narr.* and the new count, if that plea was sustained by the proof. The plea set up in effect that the cause of action did not accrue to the plaintiff within two years prior to the filing of the amended *narr.*    This was the appropriate manner for the defendant to present the bar of the statute to the causes of action set up by the new counts, if such causes of action were different from any set up by the original declaration.    Thomas v. Fame Ins. Co., 108 Ill. 91; C., B. & Q. R. R. Co. v. Jones, 149 Ill. 361; Fish v. Farwell, 160 Ill. 236; C., St. P. & K. C. Ry. Co. v. Ryan, 165 Ill. 88; Ill. Central R. R. Co. v. Campbell, 170 Ill. 163; Secord-Hopkins Co. v. Lincoln, 173 Ill. 357.

If appellee had desired to raise question as to the new counts presenting, by way of restatement only, the same causes of action which were set up by the original declaration, he should have done so by a demurrer to the plea of the statute, whereupon the court, by mere inspection of the record and comparison of the several counts, would have been brought to determine the question as a matter of law. Cases cited, *supra*.

But the appellee chose to waive such question and to treat the new counts as setting up new causes of action by replying that the causes of action did accrue to the plaintiff within two years prior to the filing of the amended declaration. The issue tendered by this reply was accepted by the defendant, who joined by *similiter*.

The evidence is conclusive and without contradiction, that the injury sued for occurred in the month of August, 1891. The new counts of the amended declaration were filed part upon June 22, 1897, and part upon December 1, 1898. The evidence, therefore, fully established the fourth plea, in bar of the action, as presented by the amended *narr.* and the new counts. If the appellee had demurred to the plea of the statute of limitations, a very different condition might have resulted. But we are obliged to treat the record as we find it, and for the purpose of considering the judgment rendered upon this trial of the cause, it is enough to say that the appellant established a complete bar to the recovery, upon the counts of the amended declaration and the new count thereafter filed. The court erred in permitting issues raised by these counts to go to the jury, for there was no evidence whatever to sustain the issues upon the part of the plaintiff, appellee. The instruction excluding any recovery upon these counts should have been given. The second question, however, goes further than to the pleadings or procedure of this one trial, and the determination of that question is, as we view it, decisive of the cause.

If the settlement effected by Mr. Foster, while administrator of the intestate, is a valid settlement and binding upon the parties, then no recovery can be had beyond the amount stipulated in that settlement.

In considering the effect of this settlement, it is not necessary to regard the issues raised by the special pleas which set up that settlement—for the defense was equally available under the general issue.   City v. Babcock, 143 Ill. 358.

The administrator of the estate of the intestate had power to dispose of the claim against appellant by effecting a settlement, and this without any order of the Court of Probate directing him or authorizing him so to do.   Henchey v. City, 41 Ill. 136; Washington v. L. & N. Ry. Co., 136 Ill. 49.

The record establishes that Mr. Foster did make a settlement of this claim against appellant for $600.   That the judgment heretofore entered in this cause for the amount agreed upon was afterward vacated, and that the check given by appellant for the amount has never been appropriated by the representative of the intestate, can not matter, for if the settlement is binding upon them, it would, in any event, limit the amount of the ultimate recovery in the case. Washington v. L. & N. Ry. Co., *supra.*

The power of an administrator to thus settle being clear, and the fact of this settlement by Mr. Foster appearing from the record, it only remains to inquire if he was at that time the duly appointed administrator of the estate.   In determining this question, we can only inquire as to what the Probate Court did in the premises, and we can not inquire as to the correctness or propriety of its action.   If the Probate Court appointed the administrator, then we are precluded from inquiring as to whether that court erred in the procedure of so doing.   No question of jurisdiction is involved.   The correctness of the procedure of the Probate Court in so appointing the administrator can not be investigated collaterally in this suit.   Wright v. Wallbaum, 39 Ill. 554; Shepard v. Rhodes, 60 Ill. 301; Meek v. Allison, 67 Ill. 46; Dodge v. Cole, 97 Ill. 351; Golder v. Bressler, 105 Ill. 419; Thomas v. People, 107 Ill. 517; Walker v. Welker, 55 Ill. App. 118; Francisco v. C., M. & St. P. Ry. Co., 35 Fed. Rep. 647; Garrett v. Boeing, 68 Fed. Rep. 51; Simmons v. Saul, 138 U. S. 439.

It appears beyond possible controversy that the Probate Court of Cook County did appoint Mr. Foster as administrator of this estate. The settlement of this controversy having been made by him while so appointed and empowered, and there appearing no ground for questioning the propriety of the settlement, it must be held to be binding upon the parties. If a collusive settlement were charged, a different question would arise. No suggestion is made by counsel as to any reason for holding the settlement inoperative, except that Mr. Foster had not furnished any bond as administrator other than his official bond as public administrator of Cook county, and that the Probate Court erred in appointing him upon his official bond alone.

The judgment is therefore reversed and the cause is remanded for further proceeding consistent with this decision. Reversed and remanded.