O'Donnell v. Brink's Express Co.

## Patrick H. O'Donnell, Adm., v. Brink's Express Co.

1. SETTLEMENT—*Evidence of, Given Under the General Issue.*—In an action on the case the defendant is permitted, under the general issue, to give in evidence a settlement.

**Action on the Case.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 10, 1901.

This cause has been before the court upon an appeal from another and former judgment rendered by the Circuit Court, and upon that appeal the judgment was reversed and the cause was remanded. For a statement of the case reference may be had to the report of that decision in 88 Ill. App. 459.

Upon the cause being redocketed in the Circuit Court the plaintiff withdrew his replication to defendant's fourth plea, that of the statute of limitations, and demurred to the same, the court sustaining the demurrer. Before proceeding to trial the defendant asked leave of court to withdraw his fifth, sixth and seventh pleas, being the pleas in which the alleged settlement of the case was pleaded. To this the plaintiff objected on the ground that the plaintiff having replied to those pleas, setting up that the administrator, with whom a settlement was made, had not given bond as required by law, and the defendant having demurred to such replication, which demurrer the court overruled; the defendant abiding by its demurrer, the question of the validity of

that settlement was *res adjudicata*. The court, however, allowed defendant to withdraw said pleas, to which plaintiff excepted. Afterward, when proof of the settlement was offered to the jury under the general issue, the plaintiff objected to the admission, and the objection being overruled, plaintiff excepted.

Upon the conclusion of the evidence, the court peremptorily instructed the jury to find for the plaintiff in the sum of $600, the amount of the settlement, to which ruling the plaintiff excepted.

A motion for a new trial was made by plaintiff, appellant, and overruled, and judgment rendered on the verdict.

The appellee requested an instruction directing the jury peremptorily to return a verdict of not guilty, and assigns the refusal of the Circuit Court to so instruct as cross-error.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellant.

LEE & HAY, attorneys for appellee; JOHN A. POST and GRANT NEWELL, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The evidence presented upon this trial is substantially the same as upon the former trial, judgment in which was reversed upon the appeal in Brink's Ex. Co. v. O'Donnell, 88 Ill. App. 459. It was shown upon this trial that Henry A. Foster, Esq., the administrator of the estate of Bridget Brennan, deceased, with whom the settlement had been made, had received a check for $600 from appellee, which check was made payable to Mr. Foster as administrator.

The only assignments of error going to the substance of the case, which are assigned by appellant, were fully considered and disposed of upon the former appeal. It is now assigned as error in procedure that the Circuit Court permitted the appellee to withdraw certain pleas. We are of opinion that there was no error in this ruling, and it could in no event be prejudicial to the rights of appellant, for the settlement could be as well availed of under the general

issue as under the special pleas.    City v. Babcock, 143 Ill. 358.

The validity and the conclusive effect of the settlement with Mr. Foster, as administrator, is considered and adjudicated by the decision upon the former appeal.

The appellee assigns cross-errors, in that the Circuit Court permitted a recovery of the amount agreed upon in the settlement, and refused to instruct the jury to find it not guilty.    There was no error in this·ruling of the learned trial court.    The agreement of settlement provided for the entry of a judgment for the amount of $600.    There has been no payment by appellee of this amount to the estate of Bridget Brennan.    The mere fact that Mr. Foster still holds a check, made payable to himself as administrator, is of no consequence, for he is no longer the administrator, and the check can not be collected by him.    At the trial the check was in possession of appellee and proffered in evidence by it.

The recovery by the present administrator of the amount which was agreed upon as a settlement of the claim, is right and should be affirmed.    The judgment is affirmed.