## Charles J. Jones, Exr., etc., v. Frederick W. Jones.

1. ADMINISTRATION OF ESTATES—*Credit to be Given to Will Probated in Foreign State.*—Full faith and credit must be given in this state to the probating of a will in a foreign state, in so far as property belonging to the estate of said decedent is in such state, but such probate can not affect property situated in this state.

2. SAME—*Will Must be Probated in This State to Pass Title to Property Here.*—To obtain possession of or pass the title to property having its *situs* in this state, it will be necessary that the will be probated here.

Bill for an Injunction.—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed April 14, 1903.

This is an appeal from an order granting an injunction restraining the defendants, Charles J. Jones, individually and as executor, Rose A. Emmons and others, from collecting or receiving any dividends upon the stock of the

Chicago Newspaper Union, and from selling, assigning, transferring or in any manner dealing with said stock belonging to the estate of Harry P. Jones, and from procuring a transfer of said stock upon the books of said corporation, and for an injunction against the Chicago Newspaper Union restraining it from paying any of the dividends above named to any of the defendants, or any one claiming by, through or under them, and from making, or in any manner recognizing any transfer of such stock upon the books of said corporation or otherwise.

The bill upon which the injunction was obtained charges that the complainant has been for forty years last past a resident of Cook county; that his son, Harry, while a resident of Chicago, temporarily sojourning in San Francisco, California, there died, October 25, 1902; that appellant claims to be the executor of a will, said by him to have been made by the deceased while so temporarily in San Francisco; that the deceased had for some time prior to his death been much out of and traveling for his health; that while in San Francisco, prior to the making of the alleged will, he was very ill and under the influence of drugs, narcotics and morphine, given to him for the purpose of effecting a fraudulent design and conspiracy by appellant and others to procure the making by said Harry P. Jones of a will for the benefit of appellant and others made defendants to the bill and now seeking to profit by said alleged will; that in pursuance of said conspiracy, without notice to appellee, the father of said Harry P. Jones, deceased, appellant procured in San Francisco the admitting of said alleged will to probate and the appointment of him, appellant, as executor thereof; that said appellant has given no bond or other security for the performance of his duty as such executor, and that he is financially irresponsible; that the said Harry P. Jones was at the time of his death the owner of stock in the Chicago Newspaper Union, and that the certificates of stock in said union are now in the possession of appellant as executor of said will; that dividends have been declared upon the stock of said Chicago News-

paper Union belonging to the estate of said Harry, and that other dividends will hereafter be declared; that said Charles J. Jones is now undertaking to collect the dividend already declared, and has requested the officers of said corporation to pay said dividends accrued, and which may hereafter accrue, to him; that he claims to be entitled to such dividends by reason of the letters testamentary issued to him as executor of said pretended will; that said Charles J. Jones is about to request the transfer of said stock on the books of the corporation, and unless restrained by injunction will collect such dividends and procure such transfer.

Appended to the bill was the affidavit of appellee, in substance, among other things, as follows : "Affidavit of Frederick W. Jones that he has heard read the above bill subscribed by him and knows the contents thereof, and that the same is true;" also affidavit of same that the rights of complainant will be unduly prejudiced if the injunction prayed for is not issued immediately and without notice; that the defendant, Chicago Newspaper Union, threatens to pay over at once the dividend already declared upon the stock; that affiant fears that if said Newspaper Union is notified that affiant is about to apply for an injunction, it will immediately pay over to said Charles J. Jones the dividend, and at the same time transfer the stock to him as executor; that said Charles J. Jones has given no bond or other security for the faithful performance of his duty as executor, and that he is financially irresponsible; that he is not a resident of the State of Illinois and has no property therein; and that if he should come into possession of the property and effects of said Harry P. Jones the same will be removed from the jurisdiction of the courts of Illinois; that said Harry P. Jones at the time of his death was a resident of Illinois; that the courts of Illinois should properly have charge and jurisdiction of the administration of his estate.

Upon the filing of the bill the court issued an injunction without notice, but upon the complainant giving bond in the sum of $2,000.

DEFREES, BRACE & RITTER, attorneys for appellant.

HOLLETT, TINSMAN & SAUTER, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

It is unnecessary to now consider whether the courts of Illinois will undertake, upon the present bill, the administration of all or any portion of the estate of the deceased, who must, under the present proceeding, be taken to have been at the time of his death in San Francisco, a resident of the State of Illinois.

The injunctional order appealed from merely prevents any removal from this state of, or interference with, certain property charged to have been at the time of the death of Harry P. Jones in this state.

Full faith and credit must be given in this state to the probating of the alleged will in California, in so far as property belonging to the estate of said decedent is in the State of California, but said probate can not affect property situated in this state.

To obtain possession of or pass the title to property having its *situs* in this state, it will be necessary that the alleged will be probated here. Fryrear v. Lawrence, 10 Ill. 325–321; Judy v. Kelley, 11 Ill. 211–214; Walker v. Walker, 55 Ill. App. 118; Walton, Adm'x, v. Hall's Est., 66 Vt. 455–461.

The charge in the bill that the alleged will was fraudulently obtained, is, for the purpose of this hearing, to be taken as true. The complainant, the father of the deceased, thus appears to be an heir and possessed of an interest in the stock of the Chicago Newspaper Union, which he has a right to protect, and was, under the allegation of the bill, entitled to an injunction preventing an interference with said property right by appellant, who is charged to be acting as executor of said fraudulently obtained will and to be financially irresponsible.

The order of the Circuit Court is affirmed.

Mr. Justice BURKE took no part in this case.