ALMERIN H. WINSLOW, Impl'd, etc.,

v.

THE PEOPLE, use, etc.,

</div>

1. GUARDIAN AND WARD—REMEDY ON BOND.—A guardian's bond, given in the estate of three minors jointly, is enforceable at the suit of one of the minors for his individual interest, although one of the three had died between the time of the guardian's appointment and the breach of the condition of the bond.

2. SAME—NEGLIGENCE.—If a guardian neglects or fails to enforce the security on a loan of his ward's money until the remedy is barred by the Statute of Limitations, his bondsmen are liable to the ward for such neg. lect.

3. STATUTES—CHANGE AFFECTING REMEDY.—Where the remedy is changed by statute, all rights of action are enforceable under the new procedure without regard to whether they accrued before or after such change in the law.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.   Opinion filed November 25, 1885.

Mr. GEORGE W. SMITH and Mr. JOHN M. GARTSIDE, for plaintiff in error; cited Scheel v. Eidman, 68 Ill. 193, R. S. 1845, 399, § 16; p. 562, § 126; p. 564, § 137; R. S. 1883, Ch. 103, § 16.

Proof of demand and refusal of payment must be shown before recovery can be had: Price v. Farrar, 5 Bradwell, 536; Mortimer v. People, 49 Ill. 475.

Mr. JOHN H. HAMLINE, for defendant in error; cited McIntyre v. People, 103 Ill. 142; Bonham v. People, 102 Ill. 434; Hughes v. People, 111. Ill. 461; Bond v. Lockwood, 33 Ill. 216: Byrne v. Ætna Ins. Co., 56 Ill. 326.

Where an act simply changes the remedy or the law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such changes in the law: Dobbins v. First Nat. Bk. 112 Ill. 562.

BAILEY, P. J.   This was an action of debt, brought by the People of the State of Illinois, for the use of Ida G. Wilrath against Chauncey T. Bowen, George S. Bowen and Almerin H. Winslow, on the bond of Chauncey T. Bowen as guardian of Ida G., May H. and Daniel E. Wilrath.   George S. Bowen and Almerin H. Winslow only, were served with process.   Bowen pleaded a discharge in bankruptcy, and Winslow filed a plea of *non est factum*, and also a plea of *nil debet*, and issues of fact being formed upon these pleas, a trial was had before the

court without a jury, at which the issue upon the plea of a discharge in bankruptcy was found in favor of said Bowen, but as to said Winslow, the issues were found for the plaintiffs, and their debt assessed at $20,000, the penalty of the bond, and their damages at $3,794.39. Upon this finding judgment was duly entered by the court. The *ad damnum* in the declaration being only $3,000, and the plaintiffs having entered a *remittitur damna* in this court as to all their damages in excess of that sum.

It appears that on the 10th day of December, 1867, said Chauncey T. Bowen, having been appointed by the County Court of Cook county, guardian of said three minors, executed his guardian's bond in the form then prescribed by the statute, in the penal sum of $20,000, with the other two defendants as his sureties, and received into his hands certain moneys amounting to $7,000, of which said minors were each entitled to one third. Bowen thereafter, from time to time, filed in the county court, reports showing his accounts as guardian, in which he stated his accounts with each of his wards separately. On the 17th day of November, 1871, May H. Wilrath died, and afterward said guardian continued to render his accounts with his two surviving wards down to February 23, 1877, at which date he filed a report showing that he then held for his ward, Ida G. Wilrath, the sum of $2,384.05. On the 16th day of July, 1877, Ida G. Wilrath attained her majority, and on the 20th day of August following, this suit was brought. The breaches of the bond assigned in the declaration are a failure by said guardian to render a fair and just account of his guardianship to the County Court of Cook county, and his neglect and refusal to pay over to said Ida G. Wilrath said money belonging to her, and converting the same to his own use.

It is insisted that, as Bowen was appointed guardian of the three minors at one time and gave his bond conditioned for the performance of his duties under such appointment, upon the death of one of said wards the appointment ceased, and his subsequent acts as the guardian of the two survivors were not covered by the condition of the bond. We fail to see how

Winslow v. The People.

any such result could follow.  Although there was but one appointment and one bond, he was the guardian of each minor severally, and each guardianship was within the condition of the bond.  The statute required that, in all cases where a person was appointed guardian for more than one ward at one time, the court should include all in one bond.  R. S. 1845, Chap. 47, Sec. 15.  This was manifestly for convenience, and to obviate the necessity of executing as many separate bonds as there might be wards, but it was not intended to confine the appointment to the mere joint guardianship of those for whom the appointment happened to be made at one time, nor was it intended that the expiration of the guardianship as to one, as by his attaining his majority, his choosing another guardian, his death, or by any other means, should have the effect to dissolve and terminate the guardianship as to all.

The case of Scheel v. Eidman, 68 Ill. 193, cited by counsel, sustains no such principle as that contended for.  That was a claim presented by several wards jointly against the estate of a deceased guardian for moneys arising from the sale of certain lands in which they had an undivided interest, and which was received by the guardian and never separated by him or accounted for to his wards separately.  It was held that, under these circumstances, it was not improperly prosecuted in the joint name of the wards against the estate of the guardian for allowance.  That, however, was a proposition entirely foreign to the one the case is cited to support.

It is next urged that the suit can not be maintained for the reason that no *devastavit* was first established against the guardian.  Whatever may have been the rule of procedure in this respect, at the time the bond in question was executed, the Revised Statutes of 1874 have obviated the necessity of establishing the liability of the principal on a guardian's bond before bringing suit against him and his sureties on the bond.  R. S. 1874, Chap. 103, Sec. 13 ; McIntyre v. The People, 103 Ill. 142; Bonham v. The People, 102 Id. 434.  Both of these cases were suits upon guardian's bonds executed before the Revised Statutes of 1874.  This statutory provision affects the remedy only, and applies to all guardians' bonds

irrespective of the date of their execution. Where the remedy is changed by statute, all rights of action are enforceable, under the new procedure, without regard to whether they accrued before or after such change in the law. Dobbins v. First National Bank, 112 Ill. 553.

We think there was no error in charging the sureties with interest. So far as the guardian charged himself with interest in his accounts rendered to the county court, his reports are binding on his sureties. City of Chicago v. Gage, 95 Ill. 593, and cases there cited. We see no reason why the plaintiffs were not entitled to recover simple interest on the moneys due Ida G. Wilrath from the time she became of age, so as to be entitled to receive them, or at least from the time of the commencement of her suit to recover them. That would seem to be a right given by the second section of the statute in relation to interest. The amount of interest included in the judgment after the entry of the *remittitur*, was much less than simple interest on the amount due from the commencement of the suit.

Complaint is made that certain credits to which the guardian was entitled were not allowed. It is conceded that a credit of $140 paid by the guardian to Ida G. Wilrath and which should have been allowed was omitted by the court. This, however, is more than covered by the amount remitted from the damages recovered and it no longer furnishes the defendants a ground of complaint. We see no ground for allowing the other credit of $460 which is also claimed. That was for moneys received by Hamilton M. Wilrath, the father of said wards, as the proceeds of the foreclosure of a certain deed of trust held by the guardian as security for money loaned by him out of the estate of his wards. It is not necessary to determine whether that money came rightfully or wrongfully into the hands of Hamilton M. Wilrath, as it is not shown that it ever came into the hands of Ida G. Wilrath, or was expended for her benefit. Her father admits that he received it, and expended most of it for family expenses, and it is also true that Ida G. Wilrath has resided in his family most of the time both before and since her majority. But

those circumstances do not charge her with the money expended by her father for family expenses. She was in no way liable for such family expenses, although a member of the family, at the time they were being incurred.

Lastly, it is strenuously insisted by counsel that the sureties on the bond were entitled to a credit in respect to the sum of $3,000 loaned by the guardian in 1873, to said Hamilton M. Wilrath, and for which the guardian took, and so far as appears, still holds the note of said Wilrath, due one year after date, secured by a deed of trust on certain real estate, then, and still occupied by him as a homestead. The claim that Ida G. Wilrath should be charged with this money or some part of it, simply because she has lived with her father in the homestead covered by the deed of trust, with knowledge that said money had been loaned to him and secured upon the property, does not seem to us to merit serious consideration. She can not be said to have in this way enjoyed the benefit of the fund, so as to estop her from collecting it of the guardian or his sureties. The money loaned to Wilrath, so far as this record shows, is still represented by the note and deed of trust, and may still be collected by the guardian, or his sureties, after discharging their liability on the bond, may become entitled to it by subrogation.

It is said that the note and deed of trust are barred by the Statute of Limitations. Whether they are or not can make no difference, so far as we can see, with the rights of the parties to this suit. If the money has been lost by delay in enforcing the security, the loss is imputable alone in the negligence of the guardian for whose acts the sureties are responsible under the condition of the bond.

We find no error in the record, and the judgment will accordingly be affirmed.

<div style="text-align: right;">Judgment affirmed.</div>