## Joseph Salomon et al. v. The People, etc., for the use of Jesse Holdom, Adm.

1. ADMINISTRATORS—*Appointment of, Not to be Attacked Collaterally.*—It is settled by the decisions of this State that the validity of the appointment of an administrator can not be attacked collaterally.

2. SAME—*Liability of Sureties on Administrator's Bonds.*—Sureties on an administrator's bond are not liable for the twenty per cent penalty imposed by section 17 of chapter 3, R. S., entitled "Administration of Estates." The measure of their liability is fixed by the terms of the bond signed by them and can not be enlarged or varied by judicial construction.

3. STATUTES—*Construction of Sec. 17, Chap. 3 R. S.*—Section 17 of chapter 3 R. S., entitled "Administration of Estates;" in so far as it imposes penalties, is to be strictly construed. It can not be extended so as to embrace persons and things not within its ordinarily accepted meaning.

4. SURETIES—*On Administrator's Bonds.*—Where an administrator's bond binds the obligors for the delivery only of such property as may have come into the possession of the administrator, it is not to be construed as applying to the delivery of such property as has never come into his possession.

**Debt,** on an administrator's bond. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed on remittitur. Opinion filed June 14, 1900.

**Statement by the Court.**—This is an appeal from a judgment of the Circuit Court rendered in an action of debt by appellee against Joseph Salomon, administrator to collect of the estate of George Wincox, deceased, and Michael C. McDonald and Moses Salomon, his sureties, on the bond of Joseph Salomon, as such administrator. The trial resulted in a verdict and judgment in favor of appellee for $60,000 debt and $27,309 assessed as damages, and judgment was rendered on the verdict.

December 1, 1894, the Probate Court, by consent of all parties interested, made an order appointing Joseph Salomon administrator to collect, as successor of Albert Ellinger, administrator to collect, resigned, on his filing bond in the penalty of $60,000, with Moses Salomon and Michael C.

McDonald as sureties. Joseph Salomon accepted the appointment, and December 1, 1894, filed the bond sued on, which is as follows:

"Know all men by these presents, that we, Joseph Salomon, Michael C. McDonald and Moses Salomon, of the County of Cook and State of Illinois, are held and firmly bound unto the people of the State of Illinois, in the penal sum of sixty thousand dollars ($60,000), current money of the United States, for the payment of which well and truly to be made and performed, we bind ourselves, our heirs, executors and administrators jointly, severally and firmly by these presents.

Witness our hands and seals this thirtieth day of November, A. D. 1894.

The condition of the above obligation is such, that if the above bounden Joseph Salomon shall well and honestly discharge the duties appertaining to his appointment as administrator *de bonis non* to collect of the estate of George Wincox, late of the county of Cook, deceased, shall make or cause to be made, a true and perfect inventory of all such goods, chattels, debts and credits of the said deceased as shall come to his possession or knowledge, and the same, in due form, return to the Probate Court of said Cook County, and shall also deliver to the person or persons authorized by the said Probate Court as executors or administrators to receive the same, all such goods, chattels and personal estate as shall come to his possession as aforesaid, and shall, in general, perform such other duties as shall be required of him by law, then the above obligation to be void. Otherwise to remain in full force and virtue.

Joseph Salomon [Seal], F. T. K.
Residence, 767 Jackson Boulevard.
$60,000.

Michael C. McDonald [Seal], F. T. K.
Residence, 308 Ashland Boulevard.
$40,000.

Moses Salomon [Seal], F. T. K.
Residence, 767 Jackson Boulevard.

Approved in open court, December 1, 1894.

Kohlsaat,
Probate Judge of Cook County, Ill.

[O K. N. J. S.]"

Joseph Salomon qualified by taking the statutory oath and the bond was duly acknowledged by the obligors.

February 5, 1897, on petition of Annie M. Smith, who claimed to be a sister of George Wincox, deceased, by agreement in open court of the several parties in interest, represented by their attorneys, respectively, an order was entered appointing the Equitable Trust Company administrator of the estate, upon its filing its written acceptance of the appointment, and reserving for future consideration the question of the accounting of Joseph Salomon as administrator to collect.

It appears from evidence offered by appellants, but excluded by the court, that, February 8, 1897, the Equitable Trust Company presented to the court and filed its written acceptance of the appointment, and that the court ordered letters to issue to it, but there is nothing in the record to show the issue of letters, or that the company ever qualified as administrator.

February 11, 1897, Jennie Wincox, claiming to be the widow, and Sadie Applegren and Annie H. Smith, claiming to be the sisters of George Wincox, deceased, appearing by their attorneys, an order was made vacating the order of February 5, 1897, appointing the Equitable Trust Company administrator, and appointing Jesse Holdom administrator. The order recites that the appointment of Holdom was made by the court "on its own motion." Also, on February 11, 1897, Jesse Holdom filed his bond as administrator in the penalty of $60,000, as required by the order appointing him, with George G. Newbury and John C. Bryan as sureties, which bond was approved by the court, and thereupon Jesse Holdom qualified, as required by the statute.

The order of February 11, 1897, contained the following:

"And it is further ordered by the court that Joseph Salomon, administrator to collect of the estate of George Wincox, deceased, settle his final account with said estate within ten days from this date."

February 11, 1897, letters of administration were issued to Jesse Holdom in accordance with the order of that date.

March 4, 1897, an account was filed by Joseph Salomon, in which he charged himself as administrator, etc., with receipts amounting to the sum of $29,857.02, and credited himself with disbursements amounting to $5,030.65, and charging himself with a balance of $24,826.37. The account is signed by Joseph Salomon and verified by his affidavit.

January 28, 1898, the following order was made by the Probate Court:

" This cause having come on to be heard upon the objections filed to the final account of Joseph Salomon, administrator to collect *de bonis non* of said estate, said Joseph Salomon appearing by Simeon P. Shope, his attorney, Bulkley, Gray & More appearing for certain of the heirs of said deceased, and Jesse Holdom, administrator in due course of said estate, appearing in his own proper person, Moses Salomon, one of the sureties on the official bond of said Joseph Salomon, as such administrator, being present in court pursuant to notice given, notice of the hearing upon said objections having been given to Michael C. McDonald, the other of the sureties upon the official bond of said Joseph Salomon, and the court having examined the records of this court pertaining to said estate, together with oral evidence of sundry witnesses sworn and examined in open court, among whom was one Moses Salomon, a brother of Joseph Salomon, and formerly his attorney in said estate, and the court finding upon an inspection of the records that Albert Ellinger, the first administrator to collect of said estate, had not filed his final account and been formally discharged, and from the testimony of said Moses Salomon that the note for twenty thousand dollars ($20,000), and the five coupons aggregating three thousand dollars ($3,000) set forth in said final account of said Joseph Salomon have all been paid, and that said Joseph Salomon is chargeable with the said sum of twenty-three thousand dollars ($23,000) as money, and it appearing from said final account and said evidence of said Moses Salomon that there is from the items of said account due from said Joseph Salomon, as administrator to collect as aforesaid, the sum of twenty-four thousand and eight hundred and twenty-six and thirty-seven one-hundredths dollars ($24,826.37), and that no final order on said account can be entered herein until said Albert Ellinger files his final account herein as

former administrator to collect, which he has heretofore been ordered to do by the court,

"It is therefore ordered that the said Joseph Salomon, as such administrator to collect, etc., pay over unto said Jesse Holdom, administrator of the estate of said George Wincox, deceased, upon demand, the said sum of twenty-four thousand and eight hundred twenty-six and thirty-seven one-hundredths dollars ($24,826.37), so appearing from the final account of said Joseph Salomon to be due from him to said estate, and that the further hearing upon the objections filed to said final account be, and the same is, hereby continued and adjourned until February 9, A. D. 1898, at the hour of two o'clock in the afternoon of said day, or as soon thereafter as the court can conveniently hear the same.

"And thereupon said administrator to collect *de bonis non,* by his attorney, prayed an appeal from said order to the Circuit Court of Cook County, Illinois, which appeal is hereby denied."

Jesse Holdom testified that, March 4, 1897, when Joseph Salomon filed his account, he, personally, made a demand on him, Salomon, for $24,826.37, the amount appearing to be due by the account, and also that March 21, 1898, at the office of the Architectural Iron Works in New York City, he made, personally, a demand on him for the same amount and left with him a copy of the order of the Probate Court.

Appellants read in evidence a part of an affidavit of Moses Salomon, which apparently was made in support of a motion for a continuance, which part of the affidavit is as follows :

"And affiant further states that Joseph Salomon is the principal defendant herein, and a material and necessary witness to the defense of said cause; that among other things, the said Joseph Salomon will testify, if he were here present at the trial of said cause, that at no time was any demand, of any kind or nature, made upon him for the turning over of any money or property (or) that he has refused or neglected to turn over any money or property required so to be done by him."

The word " or " in parenthesis, *supra,* is in the abstract, but not in the record.

The record contains other proceedings in the Probate Court, which, in the view we take of the case, we do not deem it necessary to refer to in this statement.

ROBIN S. MOTT, F. L. BROOKS, F. A. WHITNEY and A. B. JENKS, attorneys for appellants.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The original declaration, filed May 2, 1898, contained one count. An additional count was filed March 21, 1899. The breach of the bond assigned in each count is substantially the same, viz., the neglect and refusal of Joseph Salomon, on demand made by Holdom, to pay over to the latter the sum of $24,826.37, ordered to be paid by the former to the latter by the Probate Court. To the original declaration, and also to the additional count thereof, each of the appellants filed several pleas, none of which it is necessary to notice except so far as rulings thereon by the court are called in question.

June 21, 1898, Moses Salomon filed a plea to the original declaration, averring, in substance, that all of the personal estate of the deceased amounted to $29,857.02; that January 28, 1898, the Probate Court found that of said amount the sum of $24,826.37 was due from said Joseph Salomon, and directed the sum to be paid to Jesse Holdom; that $5,030.65, the difference between said amounts, was claimed by Joseph Salomon as a credit on account of disbursements made by him, which last amount the court reserved for future hearing and determination; that February 9, 1898, the court refused to allow $4,715 of said amount as a credit to Joseph Salomon, and charged the same against him, together with the further sum of $1,477.06 as interest on the aggregate amount, and ordered the said Joseph Salomon to pay, forthwith, the aggregate of said sums, to wit, $6,192.06, to Jesse Holdom, administrator of the said George Wincox, deceased; that thereupon, Joseph Salomon prayed an appeal

from said order of February 9, 1898, refusing to allow him said sum of $4,715 as a credit, and in charging the same to him with interest, and ordering the sum of $6,192.06 to be paid to Jesse Holdom, which appeal was allowed, perfected, and is pending in the Circuit Court of Cook County; that, by reason of the foregoing, it has not been adjudicated and determined what constitutes all the goods, chattels and personal estate of George Wincox, deceased, that come to the hands or possession of Joseph Salomon, administrator, etc., and that until such adjudication, said Joseph Salomon can not deliver up to the person authorized by the Probate Court as executor or administrator to receive the same, all such goods, chattels and personal estate as shall have come to his possession, etc. The plea commences and concludes as a plea in abatement, and is verified.

The appellants, Messrs. Salomon and Michael C. McDonald, each filed a plea in bar to the original declaration, and also to the additional count, in substance as follows:

That Jesse Holdom is not, and never was, the administrator of the estate of George Wincox, and that the obligation sued on was conditioned that the said Joseph Salomon should deliver to the person authorized by the Probate Court as administrator, to receive all the personal estate that came into his possession; that the deceased, George Wincox, left him surviving Jennie Wincox, his widow and only heir at law, and that before the alleged appointment of said Jesse Holdom, she filed her petition in said estate, praying that letters of administration proper be granted to Joseph Salomon; and that thereafter she filed another petition and presented the same, asking that letters proper be issued to her as widow of said deceased; that no creditors applied for letters nor did said Jesse Holdom; nor was said Jesse Holdom in any way related to said deceased or a creditor; that on February 11, 1897, and while said petition of said Jennie Wincox, as widow, was pending and undetermined, said Probate Court, without authority and contrary to the statute, appointed Jesse Holdom administrator proper of said estate; that said grant of letters was void, and

that there is no legally appointed successor of said Joseph Salomon to whom he should account and deliver over in accordance with the obligations of said bond sued upon.

Each of the pleas above mentioned was demurred to, and the court sustained the demurrers, to which rulings the appellants excepted.

The theory of the plea in abatement of Moses Salomon is that there having been no final adjudication as to $4,715 and interest, aggregating $6,192.06, there can be no recovery for the amount which Joseph Salomon admitted in his sworn account was in his hands to the credit of the estate and which the court found, on evidence heard in open court, was in his hands and was due to the estate; that until a final adjudication as to the amount of $6,192.06, Joseph Salomon, who has become *functus officio* as administrator to collect, by the appointment of a general administrator of the estate, who, as such, has the legal title to all the goods, chattels and personal estate which were of the deceased, may retain possession of the amount which he admits and the court has found to be due to the estate, until such time as there shall be a final adjudication as to the last mentioned amount; that therefore suit was prematurely brought. The condition of the bond is, among other things :

" And shall also deliver to the person or persons authorized by the Probate Court, as executors or administrators to receive the same, all such goods, chattels and personal estate as shall come to his possession as aforesaid," etc.

There was, as shown by the plea, a final adjudication as to the $6,192.06 by the Probate Court. Appellant Joseph Salomon suspended the finality of that adjudication temporarily by appeal, and it is now claimed that because of that suspension as to the amount which he disputes, there can be no recovery of the amount which has been finally adjudicated to be due.

The objection that Joseph Salomon is not bound to pay, or, in the language of the plea, " can not pay " the amount which has been finally adjudicated to be due, because at some future time an additional amount may be adjudicated

to be due—that damages accrued can not be assessed, because, forsooth, additional damages may accrue hereafter, is certainly novel.

The condition of the bond is that he shall deliver all such goods, chattels and personal estate as shall come to his possession, and the claim is that not being legally bound to deliver all, because he has seen fit to litigate as to part, he is not bound to deliver any. It is a mathematical axiom that the whole consists of all of its parts, and when the condition is that one shall deliver the whole, it is that he shall deliver each and every part thereof. Section 17 of the statute provides that on the issuing of letters of administration, the power of an administrator to collect shall cease, and that it shall be his duty to deliver, on demand, all personal property and money of the deceased to the person obtaining such letters. If the theory of the plea in abatement can be sustained, then one having been appointed administrator to collect, and having in his hands, in money, the total assets of an estate amounting to $100,000 or more, may retain possession of the whole as against the administrator, merely by inaugurating and delaying litigation in respect to $50 or less. The demurrer to the plea was properly sustained.

The plea of McDonald and Moses Salomon, secondly above mentioned, questions the validity of the appointment of Jesse Holdom as administrator. It is thoroughly settled by the decisions of this State, that the validity of the appointment of an administrator can not be attacked collaterally. Schnell v. City of Chicago, 38 Ill. 383; Wight v. Wallbaum, 39 Ib. 554; Duffin v. Abbott, 48 Ib. 17; Shephard v. Rhodes, 60 Ib. 301; Hobson v. Ewan, 62 Ib. 146; Dodge v. Cole, 97 Ib. 338, 351; Walker v. Welker, 55 Ill. App. 118; Brink's Chicago C. Ex. Co. v. O'Donnell, 88 Ill. App. 459.

The same has been held by the Federal courts. Francisco v. C., M. & St. P. Ry. Co., 35 Fed. Rep. 647; Garrett v. Boeing, 66 Ib. 51; Simmons v. Saul, 138 U. S. 439.

In Dodge v. Cole, *supra*, the court say:

" It is the settled doctrine of this court that the regularity or validity of an administrator's appointment can not be questioned collaterally."

In The People v. Salomon, 184 Ill. 490, which was information against Moses Salomon for his disbarment as an attorney, the same proceedings were involved as in the present case. The court say :

" What defenses does Moses Salomon set up in his answer? One is that Jesse Holdom was improperly appointed administrator. The order. appointing Holdom was not appealed from, nor has it been vacated. As the Probate Court had power to appoint an administrator, its judgment is final and conclusive, and its validity can not be questioned in this proceeding." Ib. 498.

Counsel for appellant, in support of the proposition that the court had no jurisdiction to appoint Jesse Holdom administrator, urge that the court had previously, February 5, 1897, appointed the Equitable Trust Company administrator, on its filing its written acceptance of the appointment, which it did February 8, 1897, notwithstanding which the court, February 11, 1897, set aside the order of February 5th. The proceedings in relation to the Equitable Trust Co. are not set up in the pleas of Moses Salomon and McDonald now under consideration, nor would it avail them if such proceedings were pleaded. Counsel cite Munroe v. The People, 102 Ill. 406, in support of their contention that the vacation of the order of February 5th was invalid, and that the court was without jurisdiction to appoint Holdom. In that case letters of administration had been issued to one Mrs. Osgood, which, without any apparent reason, the court revoked and appointed an administrator *de bonis non*. In the present case no letters were issued to the Equitable Trust Company, and therefore that company never was authorized to act as administrator. The case cited, even if it may, in view of subsequent decisions, be regarded as authority, is clearly distinguishable from the case at bar. Counsel also rely on Unknown Heirs of Langworthy v. Baker, 23 Ill. 484. In that case the County Court appointed the public administrator the admin-

istrator of the estate, it not appearing from the record that there was no relative or creditor of the deceased within the State to whom administration might be committed, and the court, in its opinion, held the appointment *coram non judice* and void. This holding, however, is substantially modified in Schnell v. The City of Chicago, 38 Ill. 382. In the last case the County Court had appointed the public administrator administrator of the estate of the deceased, who in his lifetime was a resident of the county, before the expiration of the seventy-five days allowed by the statute for applications for letters of administration by the widow and creditors. The Langworthy case was cited in support of the contention that the appointment was void. The court say:

"In support of this position, the case of Unknown Heirs of Langworthy v. Baker, Admr., 23 Ill. 484, is referred to. That was a proceeding by writ of error to the County Court, and this court held that the facts not affirmatively appearing which gave the court power to act, the appointment of an administrator was a void act, and consequently the order of sale and the sale made by him of the land were also void. It has been suggested that the court went too far in that case—further than the facts of the case warranted; that as the County Court had complete jurisdiction of the subject-matter, it should have been intended those facts existed, which properly called into action the power of the court. If that decision is to be so modified, then these objections, being made in a collateral proceeding, can not avail, for the court in such a proceeding are bound to presume the County Court had before it the facts justifying the appointment of a public administrator, as the administrator of this estate. It was perhaps going too far in the case cited from 23rd Ill., to say the entire proceedings were void, for it was sufficient to say in the case, it being a direct proceeding to reverse the action of the County Court, that the action of the court was not in conformity with the statute. This would have been sufficient to justify the court in the conclusion at which it arrived on the merits of the whole case."

Counsel for appellants also cite Welsh v. Sykes, 3 Gilm. 197, in which the court held, as has been held in numerous cases, that in a suit on a foreign judgment, it may be shown in defense that the court which rendered the judgment had

no jurisdiction of the persons of the defendants. But in the present case, the court had jurisdiction of the estate, and jurisdiction to appoint an administrator. There was no error in sustaining demurrers to the pleas of McDonald and Moses Salomon. Counsel for appellants object that the court erred in putting the case in its former place on the regular calendar, after it had been once tried on the short cause calendar and continued thereon. There is no assignment of error which includes this objection, or under which it can be made. The only assignment in respect to calendars is : " The court below erred in denying the motion of defendants to strike the case from the short cause calendar." The case was stricken from the short cause calendar on March 4, 1899, after the first trial of the cause, on motion of appellants McDonald and Moses Salomon.

Lastly, appellants complain that the court erred in allowing a recovery of twenty per cent of the amount found due from Joseph Salomon by the Probate Court, in addition to said amount. As before stated, the amount shown by Joseph Salomon's account and found by the Probate Court to be due from him to the estate, is $24,826.37. The amount of the damages assessed by the jury and for which judgment was rendered, is $29,791.64, or $4,965.27 in excess of $24,826.37. The excess is twenty per cent of the last mentioned amount. The jury were warranted by the instruction of the court in assessing twenty per cent as a penalty in addition to the amount found due.

Appellee bases the right to recover this twenty per cent as a penalty on section 17 of the statute, which is as follows :

" Section 17. On the granting of letters testamentary or of administration, the power of any such collector, so appointed, shall cease, and it shall be his duty to deliver, on demand, all property and money of the deceased which shall have come to his hands or possession (saving such commissions as may be allowed by the court as aforesaid), to the person or persons obtaining such letters; and in case any such collector shall refuse or neglect to deliver over such property or money to his successors when legal demand is

made therefor, such person so neglecting or refusing shall be liable to pay twenty per cent over and above the amount of all such property or money as comes to his hands by virtue of his administration, and is not paid or delivered over as aforesaid, or shall forfeit all claim to any commission for collecting and preserving the estate, which said twenty per cent, together with all damages which may be sustained by reason of the breach of any bond which may at any time be given by any such collector, may be sued for and recovered by the person to whom letters testamentary or of administration may be granted, for the use of the estate of such decedent."

Appellant's counsel contend that, under section 17, the penalty can not be recovered against the sureties, McDonald and Moses Salomon, but only from Joseph Salomon, the administrator to collect, in a suit by the administrator in his own name. The present suit was brought under section 25 of the statute, which authorizes the bringing of suits on the bonds of administrators to collect in the name of The People of the State of Illinois, for the use of any one injured. The language of section 17 as to the person who shall pay the twenty per cent penalty and shall forfeit all claims for commission, is too plain to admit of construction. No one save the administrator to collect can neglect or refuse to deliver to his successor property or money which has come to the hands or possession of the administrator to collect, and upon him, for such neglect or refusal, the twenty per cent penalty is imposed. Obviously, no one except the administrator to collect can forfeit all claim for commission for collecting and preserving the estate, because he alone has such claim. The section, in so far as it imposes penalties, must be strictly construed. The language can not be extended so as to embrace persons or things not within its ordinarily accepted meaning. The sureties are not liable for the twenty per cent penalty. The measure of the liability of sureties is fixed by the terms of the instrument signed by them, and can not be enlarged or varied by judicial construction. Mix v. Singleton, 86 Ill. 194; Vinyard v. Barnes, 124 Ill. 346; 24 Am. & Eng. Ency., 1st Ed., p. 749, and cases cited in note 1.

The condition of the bond sued on is, among other things :

" That if the bounden Joseph Salomon shall well and truly discharge the duties appertaining to his appointment as administrator *de bonis non*  *  *  *  and shall also deliver to the person or persons authorized by the said Probate Court, as executors or administrators, to receive the same, all such goods, chattels and personal estate as shall come to his possession, as aforesaid,  *  *  *  then the above obligation to be void," etc.

The obligation binds the obligors for the delivery to Joseph Salomon of only such goods, chattels and personal estate as may have come to his possession, not for the delivery of something which never came to his possession.  The twenty per cent of the amount shown to be due by Joseph Salomon's account, which was assessed as damages by the jury, certainly never came to the hands or possession of Joseph Salomon, as administrator to collect.  Therefore, it is not within the terms of the bond.  The sureties, however, are liable for interest from March 21, 1898, the date of the demand made on Joseph Salomon by the administrator, until July 8, 1899, the date of the judgment, at the rate of five per cent per annum.  Stern v. The People, 102 Ill. 540; Cassady v. Trustees, etc., 105 Ib. 560; Winslow v. The People, 17 Ill. App. 222.

Interest for the period mentioned, one year and three and one-half months, on $24,826.37, at five per cent, is $1,603.35, the total of principal and interest being $26,429.72. The amount of damages assessed by the jury, $29,791.64, is $3,361.92 in excess of the former amount.  On the appellee entering a remittitur of $3,361.92 of the damages within ten days from this date, the judgment will be affirmed; otherwise it will be reversed and the cause will be remanded.  Affirmed on remittitur.