## Michael C. McDonald and Joseph Salomon v. Jesse Holdom, Adm'r, etc.

1. ADMINISTRATION OF ESTATES—*Judgments Against Administrators After Removal.*—Where an administrator is removed and a judgment is entered against him for the amount due to the estate in the form of an order to pay the amount over to his successor, the judgment should be against him as an individual and in favor of the estate.

Debt, on an appeal bond. Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed January 30, 1902.

EDWARD MAHER and ROBERT F. KOLB, attorneys for appellants.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

In a suit on an appeal bond made by appellants on an appeal from the Circuit Court of Cook County to this court, which was tried before the court without a jury, appellee recovered a judgment in debt for $8,000 and damages, $7,093.78, from which this appeal is taken.

The declaration is the usual one in debt on bond, to which the appellants pleaded *non est factum* and three special pleas, which were filed October 15, 1900, the first of which contains certain allegations which it is claimed show that the Probate and Circuit Courts had no jurisdiction to enter a personal judgment against said Salomon, and that the bond sued on is void; the second, a plea that the bond in the declaration mentioned was given by said Salomon for the purpose of perfecting an appeal from a judgment of the Circuit Court sustaining certain objections to his final account as administrator to collect of the estate of George Wincox, deceased, and for no other purpose whatever; and the third special plea is *nul tiel record*. A demurrer to these three special pleas was sustained, whereupon the defendants filed two additional pleas by leave of court, the first of

which is *nul tiel record*, and the second that the judgment in the bond mentioned was not affirmed by this court, as alleged. Issue was taken on these two pleas.

On the hearing the plaintiff offered in evidence the bond declared on, the condition of which is as follows:

"The condition of the above obligation is such, that whereas, the said Jesse Holdom, administrator of said estate, did, on the 30th day of June, A. D. 1898, in the Circuit Court of Cook County, in the State aforesaid, and of the June term thereof, A. D. 1898, recover a judgment against the above bounden Joseph Salomon for the sum of sixty-two hundred and forty-nine dollars and twenty-five cents, besides costs of suit; from which said judgment of the said Circuit Court of Cook County, the said Joseph Salomon has prayed for and obtained an appeal to the Appellate Court within and for the first district in said State.

"Now, therefore, if the said Joseph Salomon shall duly prosecute his said appeal with effect, and moreover pay the amount of the judgment, costs, interests and damages rendered and to be rendered against him in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

The plaintiff also offered in evidence a certified copy of the order of affirmance of the order of the Circuit Court from which the appeal was taken, by this court, in the case of Joseph Salomon, appellant, against Jesse Holdom, administrator of the estate of George Wincox, deceased, appellee, which was entered December 5, 1899, and a certified copy of a bill of the costs in this court, and a witness testified to a computation of the interest from the date of the rendition of the Circuit Court judgment, and the aggregate amount due thereon, including costs, viz., $7,093.78.

The defendants then offered in evidence a certified copy of the record in this court in the said case of Salomon against Holdom, showing the prayer for appeal from the judgment of affirmance in that case, the order approving the bond and the appeal bond to the Supreme Court; also a certificate of the clerk of this court that the record had been removed from this court for the purpose of filing

the same in the Supreme Court. The defendants also offered a copy of a transcript of the record in the Supreme Court in that appeal, which includes, among other things, an order of the Probate Court entered on January 28, 1898, in the estate of George Wincox, deceased, which recites, among other things, that the cause came on to be heard upon the objections filed to the final account of Joseph Salomon, administrator to collect *de bonis non* of said estate, and after directing a certain payment to be made by said Salomon as such administrator to collect, the further hearing of the said objections was continued to February 9, 1898; also a further order of the Probate Court on that date, showing that the said objections came on for a further hearing and an order by the court that said Salomon do forthwith pay to said Holdom, administrator of the estate of the said George Wincox, deceased, the sum of $6,192.06, and that said Salomon prayed an appeal from that order to the Circuit Court of Cook County, which was allowed. The defendants further offered the records of the Probate Court, showing an approval of the appeal bond of Salomon to the Circuit Court, his appeal bond to the latter court, together with his account as administrator to collect, and the objections thereto. The defendants then offered an order of the Circuit Court of Cook County in Salomon's appeal, which shows, among other things, an order "that the said Joseph Salomon, administrator to collect of the estate of George Wincox, deceased, do forthwith pay to Jesse Holdom, administrator of the estate of George Wincox, deceased, the said sum of $6,249.25, together with the costs of this appeal in this behalf expended, to be taxed." The order further shows that Salomon prayed an appeal to this court, which was allowed, and he thereupon gave the bond which is sued upon in this case.

The appeal bond from this court to the Supreme Court, which was offered in evidence, recites, among other things, that this court did on the 5th day of December, 1899, affirm the said judgment of said Circuit Court.

It is contended by appellants that the court erred in

sustaining the demurrer to the special pleas filed October 15, 1900. If there was error in this regard, it constitutes no cause for reversal, since all the evidence which would have been proper under these pleas was offered under the pleas subsequently filed. The substance of the defense attempted to be set up under these pleas is, first, that the Circuit Court entered a judgment against Salomon as administrator to collect, and that he was compelled to give the bond sued on, which he claims to be void for the reason, as it is said, that the bond is not authorized by law; and second, that this court did not affirm the judgment of the Circuit Court.

Neither of these defenses is tenable. As shown by the judgment of the Circuit Court, it is not a judgment against Salomon as administrator to collect, etc., but is a personal judgment against him, requiring him to pay the amount of the judgment to Jesse Holdom, administrator of the estate of George Wincox, deceased. Section 124 of the administration statute referred to by appellant in this connection, has no application whatever to an appeal of this nature. That section has reference to appeals by the executor or administrator of an estate from judgments against the estate. The judgment here is a judgment against an outsider, viz., Joseph Salomon, and in favor of the estate. There could be no judgment against him in his official capacity. He had been removed as administrator to collect, and was indebted to the estate. The judgment is, as it should be, against him as an individual and in favor of the estate.

The evidence offered by appellants, the substance of which has been above recited, not only fails to show that this court did not affirm the judgment of the Circuit Court, but on the other hand, establishes the fact that this court did affirm that judgment. Moreover, appellants, by the appeal bond from this court to the Supreme Court, under their own signatures, state that the judgment of the Circuit Court was affirmed by this court. They will not now be heard to deny the fact.

The judgment of the Circuit Court, being fully sustained by the evidence in this case, is affirmed.