Holdom v. Salomon.

Jesse Holdom, Adm'r, v. Joseph Salomon et al.

1. PRACTICE—*Courts May Not Enter Satisfaction of Judgment upon a Matter Happening Before the Judgment.*—Courts of law may, upon an *audita querela*, or on motion, enter satisfaction of a judgment upon any good matter which has happened since the judgment, but may not, for any matter which happens before the judgment, and therefore might have been pleaded either at the beginning of the suit or *puis darrein continuance.*

Debt, on an appeal bond. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded with directions. Opinion filed July 17, 1903.

BULKLEY, GRAY & MORE, attorneys for plaintiff in error.

EDWARD MAHER and ROBERT F. KOLB, attorneys for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The records brought here on these two writs of error present the same question and the cases will therefore be considered together.

Defendant in error Salomon had been appointed by the Probate Court administrator to collect, of the estate of George Wincox, was removed, and plaintiff in error Holdom appointed administrator of said estate.

Salomon then presented to the Probate Court his account as administrator to collect in which he admitted receipts $29,857.02, and claimed credits $5,030.65, leaving an admitted balance in his hands of $24,826.37.

Objections to this account were filed and the Probate Court on January 28, 1898, without disposing of them, ordered Salomon to pay over to plaintiff in error said sum of $24,826.37. From this order no appeal was taken.

February 9, 1898, the Probate Court sustained objections to items of credits claimed by Salomon in his account amounting to $4,715, adjudged that he should be charged with the sum of $1,477.06 as interest upon the money of said estate in his hands and ordered him to pay said two sums, aggregating the sum of $6,192.06, to plaintiff in error. From this order Salomon appealed to the Circuit Court and on June 30, 1898, that court sustained objections to the same items of credits which had been disallowed by the Probate Court, again ordered that Salomon be charged with the sum of $1,477.06 as interest on the funds in his hands, added interest on the balance thus shown to remain in his hands, and found the amount due from Salomon to said estate to be $5,349.15, and ordered him to pay the same over to plaintiff in error. From this order Salomon appealed to this court, where the order of the Circuit Court was affirmed. In re Estate of Wincox, 85 Ill. App. 613.

The judgment of this court was affirmed on appeal by the Supreme Court. In re Estate of Wincox, 186 Ill. 445.

Plaintiff in error then brought against defendant in error in the Circuit Court two actions of debt; one on the bond given on the appeal from the Probate to the Circuit Court, the other on the bond given on the appeal in the same cause from the Circuit Court to this court, and recovered in the first of said actions, February 9, 1901, a judgment against defendants in error for $8,000 debt and $7,093.78 damages, and in the second, January 23, 1902, a judgment for $8,000 debt and $7,373.75 damages. From the first of said judgments an appeal was taken to this court, where the judgment was affirmed. McDonald v. Holdom, 99 Ill. App. 656.

July 28, 1902, defendants in error moved the Circuit Court in each of the two causes last mentioned that the court direct the clerk to satisfy such judgment of record, and supported their motion by affidavits. Plaintiff in error filed counter affidavits, and the court on the hearing granted the motions of defendant in error and ordered that the judgments be satisfied.

It is to reverse the order of the Circuit Court so made that these writs of error have been sued out. It is conceded that the two judgments last mentioned, while recovered upon different instruments, rest upon the same debt or demand, viz., the sum of money which the Probate Court on February 9, 1898, and the Circuit Court on June 30th of the same year, ordered Salomon to pay over to plaintiff in error, that all payments made upon either of said judgments should be credited upon both, and that at the date of said orders there had been paid and properly credited upon said judgments the sum of $5,678.15, leaving an apparent balance, then due thereon, of $1,873.15.

Defendants in error set up in their affidavits as a ground for the relief asked for, in addition to the facts above set forth, the proceedings and judgments in an action of debt brought for the use of plaintiff in error against defendants in error upon the bond of Salomon as administrator to collect, begun in the Circuit Court May 2, 1898.

In that action plaintiff had judgment July 8, 1899, for

$60,000 debt and $29,791.64 damages. The damages were arrived at by adding the statutory penalty of twenty per cent to the sum of $24,826.37 Salomon, in his account, admitted to be in his hands.

On appeal, this court held that as against the surety no penalty could be recovered, but that the obligors in the bond were liable for interest from the date of demand, March 21, 1898, and ordered that, upon the plaintiff in the judgment remitting $3,361.92, the difference between twenty per cent of $24,429.72 and the interest on said sum from March 28, 1898, that the judgment be affirmed. The remittitur was filed and the judgment affirmed. Salomon v. The People, 89 Ill. App. 374.

The judgment of this court was, on appeal, affirmed by the Supreme Court. Salomon v. The People, 191 Ill. 290.

It is conceded that $1,477.06, with interest thereon from February 9, 1898, to July 28, 1902, amounts to $1,873.15. Defendants in error contend that the claim or demand of plaintiff in error, after his appointment as administrator, upon defendant Salomon for the funds in his hands, was an entire claim or demand and could not be split up and made the foundation, first of the order of January 28, 1898, that Salomon pay over to plaintiff in error $24,826.37, and then of the order of February 9, 1898, that he pay over to plaintiff in error a further sum of $6,192.06. They further contend that as this court adjudged that defendant Salomon was liable for interest on said sum of $24,826.37 from March 21, 1898, and gave judgment against defendant in error therefor for the use of plaintiff in error, and the judgment of this court was affirmed by the Supreme Court and defendants in error have paid said judgment, they can not lawfully be compelled to pay any further sum as interest on said sum of $24,826.37. The answer to their contentions is plain and conclusive.

Courts of law may not do indirectly what they have no authority to do directly. The Circuit Court had no authority, upon the facts disclosed by this record at the July term, 1902, to directly and in terms order that the

judgment of February 9, 1901, or that of January 23, 1902, be changed and altered by deducting the sum of $1,477.06, with interest thereon from February 9, 1898, therefrom. It was equally without authority to produce the same result and accomplish the same end by ordering the said judgment satisfied, when in fact a sum equal to $1,477.06, with interest from February 9, 1898, remained unpaid.

Courts of law may, upon an *audita querela*, or on motion, enter satisfaction of a judgment upon any good matter which has happened since the judgment, but may not, for any matter which happened before the judgment and therefore might have been pleaded either at the beginning of the suit or *puis darrein continuance.*    3 Blackstone's Com. 406.

All the matters relied upon by defendants in error as authority for the Circuit Court to make the orders in question happened before the judgments.    Whether said matters constitute a defense to the charge of $1,477.06 for interest against Salomon which enters into and forms a part of the judgments in question was not, in our opinion, a question the Circuit Court at the July term, 1902, had authority to consider or determine.

In each case the order of July 28, 1902, that the judgment of the Circuit Court therein mentioned be satisfied, will be reversed, and the cause remanded with directions to the Circuit Court to expunge from the judgment docket of that court the satisfaction of judgment entered therein pursuant to said order of July 28, 1902.